UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY BOTELLO,<br>        Petitioner,<br>v.<br>R. NEUSCHMID,<br>        Respondent. | Case No. 19-cv-06761-EMC<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

## I. INTRODUCTION

Ray Botello filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he claims that the state court's failure to resentence him to give him the benefit of a change in sentencing laws passed several years after his conviction violated his federal constitutional right to equal protection of the laws. For the reasons discussed below, the petition is denied.

## II. BACKGROUND

On September 26, 2013, Mr. Botello pled nolo contendere in Santa Clara County Superior Court to robbery with a "gun enhancement and gang enhancement," and was sentenced to a term of sixteen years, 4 months in state prison. Docket No. 4 at 1. (The parties provide no information about the facts of the crime that led to the conviction.) Mr. Botello did not appeal his conviction. His conviction thus became final 60 days later, on November 25, 2013. *See Stancle v. Clay*, 692 F.3d 948, 951 (9th Cir. 2012) (California criminal defendant's judgment becomes final after 60-day appeal period in California Rule of Court 8.308 lapses).

Starting in late 2018 or early 2019, Mr. Botello sought habeas relief in the state courts, seeking relief under a new state sentencing law. His petition for writ of habeas corpus filed in

Santa Clara County Superior Court was denied on February 1, 2019, in a short but reasoned decision. *Id.* at 16-17. He also filed petition for writ of habeas corpus in the California Court of Appeal and the California Supreme Court that were summarily denied in 2019. *Id.* at 14, 15.

Mr. Botello then filed this action. His federal habeas petition presents a single claim, i.e., that the state court's failure to resentence him under California Senate Bill 620 violated his Fourteenth Amendment right to equal protection of the laws. Respondent has filed an answer. Mr. Botello has not filed a traverse, and the deadline by which to do so has long passed. The matter is now ready for decision.

### III.     JURISDICTION AND VENUE

This Court has subject matter jurisdiction over this action for a writ of habeas corpus under 28 U.S.C. § 2254. 28 U.S.C. § 1331. This action is in the proper venue because the petition concerns the conviction and sentence of a person convicted in Santa Clara County, California, which is within this judicial district. 28 U.S.C. §§ 84, 2241(d).

### IV.     STANDARD OF REVIEW

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The Antiterrorism And Effective Death Penalty Act of 1996 ("AEDPA") amended § 2254 to impose new restrictions on federal habeas review. A petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams (Terry) v. Taylor*, 529 U.S. 362, 412-13 (2000).

1  "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if
2  the state court identifies the correct governing legal principle from [the Supreme] Court's
3  decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.
4  "[A] federal habeas court may not issue the writ simply because that court concludes in its
5  independent judgment that the relevant state-court decision applied clearly established federal law
6  erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411. "A
7  federal habeas court making the 'unreasonable application' inquiry should ask whether the state
8  court's application of clearly established federal law was 'objectively unreasonable.'" *Id.* at 409.

## V. DISCUSSION

### A. Equal Protection Claim

Mr. Botello contends that his Fourteenth Amendment right to equal protection was violated when the trial court refused to resentence him under a later-enacted law that provided sentencing discretion with regard to a sentence enhancement for use of a firearm. The trial court lacked that discretion when it originally sentenced him.

#### 1. Background

When Mr. Botello was sentenced in 2013, he received a sentence enhancement under "12022.53(b)." Docket No. 4 at 5. California Penal Code Section 12022.53(b) provides for a 10-year sentence enhancement if a person "personally uses a firearm" in the commission of certain felonies, including robbery.

At the time of Mr. Botello's sentencing, California courts did not have the discretion to strike or dismiss a sentence enhancement allegation or finding regarding use of a firearm.

In 2018, California courts were given the discretion that they had lacked to strike or dismiss a firearm-use sentence enhancement. On October 11, 2017, the Governor of California signed Senate Bill 620 (SB 620), a law that ended the statutory prohibition on a court's discretion to strike or dismiss a firearm enhancement allegation or finding. SB 620 amended California Penal Code sections 12022.5(c) and 12022.53(h) to provide that "[t]he court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section." These will be referred to as the "SB 620

3

amendments." The SB 620 amendments went into effect on January 1, 2018.

California courts have held that the SB 620 amendments do "not apply retroactively to cases that became final" before the amendments became law. *People v. Hernandez*, 34 Cal. App. 5th 323, 326 (Cal. Ct. App. 2019) (citing *People v. Johnson*, 32 Cal.App.5th 938 (Cal. Ct. App. 2019)). This created two classes of persons: those whose convictions became final before January 1, 2018, and those whose convictions became final on or after January 1, 2018.

More than five years after Mr. Botello's conviction became final in 2013, he sought resentencing after the statutory amendments brought about by SB 620 became law. He contended that denying the superior court the discretion to strike or dismiss a firearm enhancement allegation or finding in his case amounted to a difference in treatment that violated his rights under the Equal Protection Clause. The superior court rejected his argument, applying the general rule from *In re Estrada,* 63 Cal.2d 740, 744 (Cal. 1965), which had explained that the "key date is the date of final judgment. If the amendatory statute lessening punishment becomes effective prior to the date the judgment of conviction becomes final then, in our opinion, it, and not the old statute in effect when the prohibited act was committed, applies." In Mr. Botello's case, the superior court explained:

> Botello's conviction became final prior to the change in the law. Every court to have considered the issue has held that under the rule of *In re Estrada* (1965) 63 Cal.2d [740] this change in the law may only be applied retroactively to cases that were not yet final on direct review. (*People v. Johnson* (June 29, 2018) [25] Cal. App. 5th [588], *People v. Almanza* (2018) 24 Cal. App. 5th 1104, *People v. Billingsley* (2018) 22 Cal. App. 5th 1076, *People v. Harris* (2018) 22 Cal. App. 5th 657, 659, *People v. Watts* (2018) 22 Cal. App. 5th 102, 119, *People v. Chavez* (2018) 21 Cal. App. 5th 971, 707-713, *People v. Arredondo* (2018) 21 Cal. App. 5th 493, 506-507, *People v. Woods* (2018) 19 Cal. App. 5th 1080, 1090-1091.) This conclusion does not violate due process or equal protection principles.

Docket No. 4 at 16-17 (bracketed materials added). Mr. Botello raised his Equal Protection Clause claim again in petitions for writ of habeas corpus in the California Court of Appeal and the California Supreme Court. Both of those courts summarily denied his claim. *See id.* at 14-15.

When, as here, the most recent state opinion on the merits provides no explanation, the federal court can presume that the "unexplained decision adopted the same reasoning" as the

reasoned decision from a lower state court. *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018). This court thus considers whether the Santa Clara County Superior Court's rejection of the equal protection claim was contrary to, or an unreasonable application of, clearly established federal law as set forth by the U.S. Supreme Court.

**2.**   Analysis

The Fourteenth Amendment's Equal Protection Clause provides that no state shall deny to any person "the equal protection of the laws." U.S. Const. amend. XIV. The Equal Protection Clause ensures that "all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). When state action "operates to the disadvantage of some suspect class or impinges upon a fundamental right explicitly or implicitly protected by the Constitution," that action must be analyzed under strict judicial scrutiny. *San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 17 (1973). When neither a suspect class nor a fundamental right is implicated, the appropriate standard of analysis is rational basis review, which requires only that disparate treatment be "rationally related to legitimate government interests." *Schweiker v. Wilson*, 450 U.S. 221, 230 (1981). The rational basis standard presents a significant obstacle to an equal protection claim, as "legislative solutions must be respected if the 'distinctions drawn have some basis in practical experience.'" *McGinnis v. Royster*, 410 U.S. 263, 276 (1973) (quoting *South Carolina v. Katzenbach*, 383 U.S. 301, 331 (1966)).

The starting point is to determine the appropriate level of review for this case. The two classes of persons are those whose convictions became final before January 1, 2018, and those whose convictions became final on or after January 1, 2018. Mr. Botello is in the first class, as his conviction became final in 2013. Although Mr. Botello was treated differently than persons whose convictions became final on or after January 1, 2018, that fact does not make him a member of a suspect class. *See Frontiero v. Richardson*, 411 U.S. 677, 682 (1973) (describing classifications based on sex, race, alienage, and national origin as "inherently suspect"). And, although liberty is affected when a defendant is sentenced following a conviction, this alone does not mean that different sentences impinge on a fundamental right. *Cf. United States v. Harding*, 971 F.2d 410, 412 (9th Cir. 1992) (holding that a longer sentence for an offense involving crack

1 cocaine rather than powder cocaine does not implicate a fundamental or quasi fundamental right);
2 *McQueary v. Blodgett*, 924 F.2d 829, 834 (9th Cir. 1991) ("Legislators do not likely intend to
3 create liberty interests when they draft guidelines to govern the imprisonment of state convicts.").
4 Because Mr. Botello is neither a member of a suspect class nor being denied a fundamental right,
5 rational basis review properly applies to his claim and requires only that the disparate treatment be
6 rationally related to a legitimate state interest. *See Foster v. Washington State Board of Prison*
7 *Terms and Paroles*, 878 F.2d 1233, 1235 (9th Cir. 1989); *McQueary*, 924 F.3d at 834–35.

8       Improvement of sentencing laws is a legitimate government interest. *See Foster*, 878 F.2d
9 at 1235 (denying an equal protection challenge to prospective-only application of a new
10 sentencing law under the rational basis standard); *McQueary*, 924 F.2d at 834–35 (citing *Foster*
11 with approval). In order to make a statutory change to give judges discretion over sentence
12 enhancements for firearms, California chose a starting point for its new sentencing scheme.
13 Setting a starting date and applying statutory changes prospectively is not inherently
14 unconstitutional. *See Sperry & Hutchinson Co. v. Rhodes*, 220 U.S. 502, 505 (1911) ("the
15 Fourteenth Amendment does not forbid statutes and statutory changes to have a beginning and
16 thus to discriminate between rights of an earlier and later time."). In the context of sentencing, the
17 Ninth Circuit has held that "'[t]here is nothing unconstitutional in a legislature's conferring a
18 benefit on prisoners only prospectively.'" *Jones v. Cupp*, 452 F.2d 1091, 1093 (9th Cir. 1971)
19 (denying an equal protection challenge to the failure to apply retroactively a statutory reduction in
20 the maximum sentence for second-degree murder).

21       The California Supreme Court in *People v. Floyd*, 31 Cal. 4th 179 (Cal. 2003), identified
22 some of the reasons for applying statutory changes to sentencing laws prospectively only. That
23 case determined that Proposition 36, which reduced punishments for certain nonviolent drug
24 offenses, could be applied prospectively only without violating equal protection principles. *Id.* at
25 188-91. *Floyd* identified several reasons that provided a rational basis for California to apply the
26 new sentencing law prospectively only: "'assur[ing] that penal laws will maintain their desired
27 deterrent effect by carrying out the original prescribed punishment as written'"; preventing
28 numerous resentencing hearings of defendants who already had been sentenced under the former

6

1 law; discouraging sentencing delays and other manipulation of the law; and deterring defendants
2 from filing meritless appeals simply to delay the time of finality. *Id.* at 190-91. Those same
3 reasons would provide a rational basis for California to not apply the SB 620 amendments to
4 persons whose convictions already had become final.

5 Although it may seem harsh to a person, such as Mr. Botello, who ends up on the wrong
6 side of the dividing line for the application of a new law, a state is allowed to legislate
7 prospectively or retroactively without running afoul of the Equal Protection Clause. California's
8 decision to make the SB 620 amendments prospective in operation is rationally related to the
9 legitimate government interest in improving the state's sentencing scheme. The Santa Clara
10 County Superior Court's rejection of Mr. Botello's equal protection claim thus was not contrary
11 to, or an unreasonable application, of clearly established federal law as set forth by the U.S.
12 Supreme Court. *Accord Drawn v. Nueschid*, 2019 WL 5191017, at *11 (N.D. Cal. Oct. 15, 2019)
13 (rejecting equal protection claim challenging refusal to apply SB 620 amendments to prisoner
14 whose conviction became final before its effective date); *see also Hooks v. Pfeiffer*, 2019 WL
15 6481796, at *4-5 (C.D. Cal. Oct. 11, 2019) (no equal protection violation in state court's refusal to
16 resentence petitioner under SB 620 because his conviction had become final before SB 620 was
17 enacted), *report and recommendation accepted by* 2019 WL 6465506 (C.D. Cal. Dec. 2, 2019).
18 Mr. Botello is not entitled to the writ on this claim.

19 B. No Certificate of Appealability

20 A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in
21 which "reasonable jurists would find the district court's assessment of the constitutional claims
22 debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a certificate of
23 appealability is **DENIED**.

24 ///
25 ///
26 ///
27 ///
28 ///

## VI. CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus is **DENIED** on the merits. The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: November 20, 2020

_____
EDWARD M. CHEN
United States District Judge